UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERALD H.,

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 3:22-cv-05855-GJL

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 17, 23, 27.

After considering and reviewing the record, the Court concludes: (1) the Administrative Law Judge ("ALJ") harmfully erred by rejecting Plaintiff's testimony and by ignoring the lay witness statement from Plaintiff's son; and (2) a remand for further proceedings is appropriate.

ORDER ON PLAINTIFF'S COMPLAINT - 1

The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings.

## I. PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* Administrative Record ("AR") 295, 319. Plaintiff's requested hearing was held before the ALJ on March 3, 2021. AR 265-94.

On September 1, 2021, the ALJ issued a written decision in which the ALJ concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 238-64. On August 30, 2022, the Appeals Council denied Plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1. On November 7, 2022, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 5. Defendant filed the sealed AR regarding this matter on March 27, 2023. Dkt. 11.

## II. BACKGROUND

Plaintiff was born in 1968 and was 50 years old on the alleged date of disability onset January 8, 2019. AR 497. Plaintiff has a high school education and worked as a mechanic for over 20 years until 2018. AR 257, 272, 468. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of diabetes mellitus, amputation of the right great toe, degenerative joint disease of the left shoulder, and alcohol abuse. AR 243. However, the ALJ found Plaintiff was not disabled because he had the following RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk for about six hours in an eight-hour workday and can sit about six hours; the claimant can frequently climb ramps and stairs but never climb ladders, ropes, or scaffolds; the claimant can occasionally stoop, kneel, crouch, and crawl; overhead reaching with the left upper extremity is limited to

1    occasional and his reach in other directions is limited to frequently; and he can have only occasional exposure to hazardous machinery and unprotected heights.

2

3    AR 245-46.

4    ### III.    DISCUSSION

5    Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of
6    social security benefits if the ALJ's findings are based on legal error or not supported by
7    substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th
8    Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

9    In Plaintiff's Opening Brief, Plaintiff raises the following issues, including whether the
10   ALJ: (1) properly evaluated Plaintiff's testimony; (2) properly evaluated the lay witness
11   testimony; (3) properly evaluated the medical opinions; (4) erred in evaluating Plaintiff's severe
12   impairments at step two. Dkt. 17 at 2.

13   **A.    Plaintiff's Testimony**

14   Plaintiff argues that the ALJ erred by not giving "clear and convincing" reasons for
15   discounting Plaintiff's testimony. Dkt. 17 at 16 (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-
16   15 (9th Cir. 2014)). This Court agrees.

17   Plaintiff testified that he stopped working in 2018 because of his shoulder, back, and
18   other problems. AR 274. He testified that he can stand for half an hour to 45 minutes before
19   needing to sit down for 20-30 minutes, he suffers neuropathy in his feet and thighs and tingling
20   in his left hand for most of the day, he wears a leg boot to mitigate the pain resulting from the
21   amputation of one toe and fracture of another, he suffers from both high and low blood sugar on
22   a regular basis, his short-term memory is poor and impedes his focus, and he has anxiety and
23   depression which has improved with his sobriety from alcohol starting around 2020. AR 276-78.

24

ORDER ON PLAINTIFF'S COMPLAINT - 3

Plaintiff stated that he can lift up to 10-15 pounds using both hands, he avoids using his left arm, he needs frequent rest to complete chores ("if I was doing a ten-minute job, it's [for] me an hour-and-a-half job"), he gets about 4 hours of sleep each night and never feels well-rested, he does not ordinarily cook for himself aside from microwaving frozen food and relying upon his neighbors to bring him food every night, and his son helps him move around to avoid stumbling or falling. AR 280-83. When asked whether he thought he could do jobs with certain accommodations, he stated he would not be able to work if he "had to stay at [his] workstation for … two-hour chunks of time sitting and standing," even if the work was not as strenuous as his previous job as a mechanic. AR 284-85.

First, the ALJ found Plaintiff's testimony inconsistent with his daily activities. AR 247. Specifically, the ALJ cited to a mental health evaluation in 2019 where Plaintiff reported that "he is able to complete most activities of daily living, such as cleaning, grocery shopping, and cooking, although they take more time. He does handle his own money and does not require any assistance with self-care." AR 1468. But Plaintiff's testimony and the record both show that his impairments have only worsened over time. *See* AR 282 (Plaintiff suffered neuropathy for 15 years, but it only worsened in the last five); AR 2002 (2020 record that despite medications, Plaintiff's "right foot pain and redness are worsening"); AR 10 (2022 record noting worsening pain and that "over the past couple of months he has started to notice that he has been dropping things, without any prior warning"); AR 1927-28, 1940.

The ALJ also ignored important limitations on these activities. Plaintiff receives regular help from his son and neighbors to care for himself and requires frequent rest and significant extra time to complete tasks on his own. AR 280-83. These limitations, along with the apparent worsening of Plaintiff's condition, indicate that that such activities are not "transferable to a

work setting." *Schiaffino v. Saul*, 799 F. App'x 473, 476 (9th Cir. 2020) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012)); *see also Bechelli-Gonzalez v. Comm'r of Soc. Sec. Admin.*, No. 16-CV-07284-MEJ, 2018 WL 1014610, at *5 (N.D. Cal. Feb. 22, 2018) ("The record does not support the ALJ's apparent conclusion that Plaintiff performs these tasks in a manner that suggests she could transfer them to a work environment where it might not be possible to rest periodically.").

Second, the ALJ found Plaintiff's testimony contradicted the medical record, which, according to the ALJ, shows that Plaintiff often exhibited normal physical examination results and that his symptoms were exacerbated by medication noncompliance and alcohol intoxication. AR 255. Plaintiff consistently complained of pain in his ribs, back, neck, shoulders, and legs. *See* AR 667, 1669, 1706, 1715, 1935, 2002, 2070, 2312 (describing pain or its effects as severe). These complaints were usually accompanied by observations of muscular tenderness or reduced range of motion. *See* AR 685 ("exquisite tenderness" around Plaintiff's spine and "very limited ROM of his left shoulder due to pain"); AR 1908 ("moderate to severe muscular atrophy and mild intramuscular edema, likely related to peripheral neuropathy"); AR 1935 (severe pain in right foot, tenderness in foot and over toe). Even in the hundreds of pages cited by the ALJ on this issue, normal observations are often accompanied by at least one abnormal observation related to Plaintiff's pain. *See* AR 1152 (Plaintiff went to ER for back pain persisting for two weeks, had limited range of motion and tightness in neck, tenderness and spasm in shoulder muscles); AR 1164 (Plaintiff reported shoulder, back, and neck pain and had full range of motion in neck but exhibited "somatic dysfunction of the thoracic spine," thoracic tenderness, and spasm in his shoulder muscles); AR 2327-37 (Plaintiff's sensation in feet consistently "abnormal"). The Court agrees with Plaintiff that the ALJ improperly focused on normal findings in the medical

1   record, despite frequent complaints of pain accompanied by abnormal findings. *See Tim S. v.*
2   *Acting Comm'r of Soc. Sec.*, No. 3:22-CV-05508-TLF, 2023 WL 2986255, at *3 (W.D. Wash.
3   Apr. 18, 2023) ("treatment records cannot be cherry-picked; the ALJ must consider a particular
4   record of treatment in light of the overall diagnostic record").[1]

5   Further, although the ALJ notes Plaintiff occasionally experienced more severe
6   symptoms (including ER visits for diabetic ketoacidosis) because he did not take his prescribed
7   insulin, AR 248, this does not contradict the more regular and persistent symptoms that Plaintiff
8   explained in his testimony. And while an ALJ may consider an "unexplained or inadequately
9   explained failure" to follow treatment as a factor impacting Plaintiff's credibility, the ALJ did
10  not address the explanations for noncompliance here, including the expiration of Plaintiff's
11  insurance authorization (AR 1715) and Plaintiff's depression and back pain (AR 1689). Lastly,
12  Plaintiff's symptoms worsened at times when he was intoxicated or frequently drinking, AR
13  1137, 1403-04, but the record shows that he has been sober since 2019. AR 147, 181, 2407.
14  Thus, Plaintiff's bouts of alcohol intoxication and failure to follow treatment are not valid
15  reasons to reject his testimony.

16  **B.      Lay Witness Testimony**

17  ALJs are required to give germane reasons to discount the opinions of lay witnesses.
18  *Debbie P. v. Kijakazi*, 1:20-CV-00469-CWD, 2022 WL 225054, at *6 (D. Idaho Jan. 25, 2022)
19  (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.1993)).

---

[1] Beyond range of motion, tenderness, and gait, the ALJ listed over a dozen normal findings with no clear contradiction to Plaintiff's complained pain, such as Plaintiff's round pupils, normal heart sounds, clear lungs, and normal skin. The ALJ failed to build a "logical bridge" between these exam results and his decision to discredit Plaintiff's testimony. *Enrique C. v. Kijakazi*, No. 1:22-CV-03040-MKD, 2023 WL 2764647, at *6 (E.D. Wash. Mar. 31, 2023) (citing *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003)).

On February 6, 2021, Plaintiff's son completed a lay witness questionnaire in which he discussed his observations of Plaintiff and Plaintiff's limitations. AR 518-522. He described Plaintiff's persistent discomfort, stating that Plaintiff frequently needs to change positions and must sit 30 minutes for every 30 minutes he stands, he struggles to hold objects even for a short time because of pain in his hands, he frequently drops objects, he has poor balance, and he stumbles often. AR 519-20. Discussing Plaintiff's activities, his son noted that Plaintiff frequently asks for assistance with daily tasks, and that he cooks for Plaintiff and helps him with yard work. AR 520, 522.

The ALJ did not discuss this statement. The Commissioner argues that "ALJs are 'not required to articulate how [they] consider evidence from nonmedical sources' using the requirements that apply to medical opinions" pursuant to amendments made to the regulations in 2017. Dkt. 23 at 15. According to the Commissioner, cases that require the ALJ to articulate germane reasons for rejecting lay witness evidence conflict "with express language in the revised regulations that ALJs do not have to articulate how they consider evidence from nonmedical sources." Dkt. 23 at 16 (citing 20 C.F.R. § 404.1520c(d)).

The Ninth Circuit has not specifically addressed whether the germane reasons requirement survives the enactment of 404.1520c(d). *Compare Muntz v. Kijakazi*, No. 22-35174, 2022 WL 17484332, at *2 (9th Cir. Dec. 7, 2022) (applying the "germane reasons" standard to ALJ's decision discounting a third-party function report from claimant's husband) *with Fryer v. Kijakazi*, No. 21-36004, 2022 WL 17958630, at *3 n.1 (9th Cir. Dec. 27, 2022) (noting that "[i]t is an open question whether ALJs are still required to consider lay witness evidence under the revised regulations, although it is clear they are no longer required to articulate it in their decisions.").

1    In this Court's view, sections 404.1520c(d) and 416.920c(d) provide that an ALJ is not
2  required to evaluate non-medical evidence, such as lay-witness statements, *using the factors set*
3  *forth in 20 C.F.R. § 416.920c(a)-(c)*. However, the new regulations do not unambiguously
4  eliminate the requirement to evaluate lay witness testimony *at all*. *See Heather P. v. Kijakazi*,
5  No. 3:20-cv-1978-SI, 2022 WL 1538654, at *8 (D. Or. May 16, 2022) ("[T]he new regulations
6  do not do away with the ALJ's obligation to address lay witness testimony altogether. Instead, it
7  only clarifies that the ALJ does not need to use the new standards for evaluating medical opinion
8  evidence when evaluating non-medical source lay testimony.").

9    Critically, the requirement that an ALJ consider lay witness testimony comes from other
10 regulations "that remain intact after the 2017 amendment." *Joseph L. S. v. Kijakazi*, No. 5:23-
11 CV-00006-BFM, 2023 WL 5611408, at *5 (C.D. Cal. Aug. 30, 2023) (citing 20 C.F.R. §
12 416.913(a)(1)-(5) and 20 C.F.R. § 416.929(a)). The "germane reasons" requirement arises from
13 the regulations requiring ALJs to *consider* nonmedical testimony. *Id.* (citing *Dodrill*, 12 F.3d at
14 918-19). "That an ALJ can disregard or reject relevant lay evidence for no reason is inconsistent
15 with the Commissioner's obligation to consider such evidence, and the rule the ALJ must provide
16 some rationale in order for the Court to meaningfully determine whether the ALJ's conclusions
17 are free of legal error and supported by substantial evidence." *Gary J.D. v. Comm'r of Soc. Sec.*,
18 No. C22-1821-BAT, 2023 WL 5346621, at *14 (W.D. Wash. Aug. 21, 2023). Thus, the ALJ
19 erred by ignoring the lay witness statement of Plaintiff's son.

20   The Commissioner argues that any error here was harmless, as Plaintiff's son's statement
21 is similar to Plaintiff's own testimony, which the ALJ rejected. Dkt. 23 at 16 (citing *Molina*, 674
22 F.3d at 1121). According to Plaintiff, "the ALJ's reasons for discounting Plaintiff's subjective
23 complaints apply with equal force to the similar lay witness testimony." *Id.* at 16-17. But because
24

the ALJ did not validly discount Plaintiff's testimony, the error here was not harmless and the statement of Plaintiff's son must be reevaluated on remand.

**C.      Assessment of Medical Opinions**

Plaintiff argues that the ALJ also erred in discrediting the opinions of Ms. Walaszek and Drs. Thiele, Packer, Senske. Dkt. 17 at 3-5. Because reconsideration of Plaintiff's testimony and the lay witness statement "may impact the ALJ's analysis of the remaining medical opinions," the Court declines to analyze any of these opinions. *Kelsy E. H. v. Comm'r of Soc. Sec.*, No. 3:19-CV-05358-DWC, 2019 WL 5388191, at *3 (W.D. Wash. Oct. 22, 2019). The ALJ is further directed to reconsider this evidence on remand.

**D.      Remedy**

Plaintiff argues this Court should remand for an award of benefits. Dkt. 17 at 19. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668. The proper course is generally to remand for further administrative proceedings "except in rare circumstances." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Remanding for a direct award of benefits is appropriate where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison*, 759 F.3d at 1020).

1    Both the first and third requirement are not satisfied here. It is unclear what, if any,
2    additional limitations to the RFC are warranted based on what is described in Plaintiff's
3    testimony and the lay witness statement of his son. And as the Commissioner notes, there is
4    significant disagreement between the state agency consultants and other physicians such as Dr.
5    Packer. Thus, a remand for further proceedings is appropriate. On remand, the ALJ shall
6    reevaluate Plaintiff's testimony, the lay witness opinion of Plaintiff's son, and the opinions of
7    Ms. Walaszek and Drs. Thiele, Packer, and Senske; and redetermine RFC if necessary.

### IV.    CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this order. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 6th day of October, 2023.

Grady J. Leupold
United States Magistrate Judge